UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES BASKERVILLE,

    Plaintiff,

v.                                                             Case No. 6:18-cv-1728-Orl-37DCI

SECRETARY OF THE DEPARTMENT
OF VETERAN AFFAIRS,

    Defendant.
_____

## **ORDER**

In this Title VII retaliation action, Defendant moves to dismiss Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to exhaust administrative remedies and failure to state a claim. (Doc. 24 ("**Motion**").) Plaintiff opposed (Doc. 30), and Defendant replied (Doc. 32). On review, the Motion is denied.

### I.      BACKGROUND

Plaintiff James Baskerville is an African-American male formerly employed by the Department of Veterans Affairs in its Orlando, Florida healthcare facility. (Doc. 22, ¶ 1.) Over the years, Plaintiff applied for several positions "that his knowledge, skills and experience made him eligible to perform." (*Id.* ¶ 8.) Yet Plaintiff was "repeatedly overlooked and not offered the positions" (*id.* ¶ 9), which led him to file Equal Employment Opportunity Commission ("**EEOC**") complaints with the Office of Resolution Management alleging racial discrimination. (*Id.* ¶¶ 10, 21.) Plaintiff claims that

-1-

his supervisor was aware of his participation in this "prior protected activity" and created a "hostile work environment" because of it. (*Id.* ¶¶ 11–12.)

On September 27, 2017, Plaintiff attempted to discuss the "target[ing] and bull[ying]" with his supervisor but the supervisor dismissed his concerns. (*Id.* ¶¶ 14–15.) On leaving his supervisor's office, Plaintiff went to the elevator and made a profane reference to his supervisor. (*Id.* ¶ 17.) The supervisor's wife heard the comment and reported it to management, who accused Plaintiff of insubordination and "initiated a proposal for removal from federal service." (*Id.* ¶¶ 17–19.) Ultimately, he was terminated on December 12, 2017. (*Id.* ¶ 19.) According to Plaintiff, the use of profanity does not typically result in such disciplinary action—he chalks the proposal for removal and termination up to retaliation for filing charges of discrimination and reprisal. (*Id.* ¶¶ 20–24.) So, he sues Defendant under Title VII for unlawful retaliation. (*Id.*)

Following an initial round of pleading (Docs. 1, 14, 16, 20, 21), Defendant seeks dismissal for failure to exhaust administrative remedies as to Plaintiff's termination and failure to state a claim. (Doc. 24.) With the Motion, Defendant attaches several exhibits related to Plaintiff's EEOC complaints: (1) a September 26, 2017 notice of acceptance of a July 26, 2017 complaint of discrimination based on reprisal; (2) a November 8, 2017 notice of amendment to the July 26, 2017 complaint after Plaintiff sought to file a new complaint based on several events, including the September 27, 2017 incident with his supervisor and the issuance of a proposed removal letter; and (3) a December 6, 2017 notice of amendment to include that Plaintiff "was issued a Last Chance Agreement and threatened that if he did not sign, he would be terminated December 12, 2017." (Doc. 24-

1, pp. 5–16.) With this, Defendant claims that Plaintiff never filed a new complaint or amendment after his December 12, 2017 termination, barring this action. (Doc. 24, pp. 4–8; Doc. 32.) Without the termination, Defendant alleges that Plaintiff fails to state a retaliation claim because a proposal for removal is not an adverse employment action. (Doc. 24, pp. 7–9.) In response, Plaintiff maintains he adequately alleged exhaustion in his complaint and sued after the EEOC failed to investigate his claims in the required 180 days. (Doc. 29.) Briefing complete, the matter is ripe.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Defendant seeks dismissal based on failure to exhaust administrative remedies and failure to allege a retaliation claim. (Doc. 24, pp. 4–9.) As explained below, Plaintiff's retaliation claim encompasses his termination and its preceding events. Thus, Defendant's arguments are due to be rejected.

#### A. Exhaustion

First is Defendant's 12(b)(1) failure to exhaust argument.[1] "A federal employee

---

[1] Attacks on a Title VII plaintiff's "failure to exhaust" administrative remedies can be jurisdictional or on the merits. This is because Title VII has a host of procedural requirements—called "conditions precedent"—to be followed before filing a lawsuit. Conditions precedent, however, are subject to waiver, estoppel, and equitable tolling, so are not considered jurisdictional prerequisites to bringing a Title VII claim. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The jurisdictional aspect of exhaustion is "whether 'the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her.'" *Brown v. Snow*, 440 F.3d 1259, 1263 (11th Cir. 2006) (first quoting *Wade v. Sec'y of the Army*, 796 F.2d 1369, 1376 (11th Cir. 1986); then citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir 1999)). Because Defendant's argument here generally concerns whether Plaintiff's EEOC complaint included his termination (the scope of Plaintiff's charge)—as opposed to timeliness or other procedural aspects of exhaustion—the Court considers this a jurisdictional question. *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168–69 (11th Cir. 1998) (analyzing as jurisdictional question whether EEOC complaint encompassed retaliation claim); *Wu v. Thomas*, 863 F.2d 1543, 1546–47 (11th Cir. 1989) (same). *See also, e.g., Bloodworth v. Colvin*, 17 F. Supp. 3d 1245, 1251 (N.D. Ga. 2014) (sorting through Eleventh Circuit caselaw on jurisdictional and non-jurisdictional aspects of exhaustion

-4-

must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action. *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir 1999) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832–33 (1976)). "[T]he purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and employer. Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all the exhaustion requires." *Id.* (quoting *Wade v. Sec'y of the Army*, 796 F.2d 1369, 1377 (11th Cir. 1986)).

Defendant first contends Plaintiff's retaliation claim should be dismissed because he failed to exhaust his termination claim. (Doc. 24, pp. 4–6.) Put another way, Defendant sees termination as a discrete, new act of discrimination that required a separate EEOC complaint or an amendment to the pending EEOC charge. (*See id.*) In turn, Plaintiff doesn't contest the absence of post-removal amendment but submits that with his previous amendments, the removal was "related to and naturally flowed out of the Amended EEOC charge." (Doc. 29, p. 3.) Plaintiff has the better argument.

When it comes to exhaustion, the Eleventh Circuit has stated that demanding "literal compliance does not always effectuate the purpose of the requirement, which is to promote informal settlements." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). "One such area in which [the Eleventh Circuit] has recognized that strict compliance with

---

arguments); *Peppers v. Cobb Cty., Ga.*, 835 F.3d 1289, 1297 (11th Cir. 2016) ("We have treated the administrative exhaustion requirement as a 'jurisdictional prerequisite to filing a Title VII action.'" (quoting *Crawford*, 186 F.3d at 1326)). *But see Carter v. Sec'y of Navy*, 492 F. App'x 50, 53 (11th Cir. 2012) (finding district court erred by concluding the defendant's failure to exhaust argument was jurisdictional but affirming on alternate grounds that failure to exhaust was a 12(b)(6) argument).

Title VII is unnecessary is where the plaintiff has filed a charge with the EEOC, but in her judicial action the plaintiff raises related issues as to which no filing has been made." *Id.* There, "[a]s long as allegations in the judicial complaint and proof are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the court will entertain them." *Id.* (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)).[2] "Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEOC complaints are appropriate. Allegations of new acts of discrimination, offered as the *essential basis* for the requested judicial review, are not appropriate." *Id.* (quoting *Ray*, 626 F.2d at 443); *see also Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168–69 (11th Cir. 1988) (court had jurisdiction over retaliation claim not asserted in EEOC complaint because claim could reasonably be expected to grow out of the original charge of discrimination); *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279–81 (11th Cir. 2004) (same).

Applying this progeny, Plaintiff's retaliation claim based on his termination could reasonably be expected to grow out of his original and (twice) amended charge of retaliation stemming from participation in protected activity that grew to include a hostile work environment.[3] (Doc. 24-1, pp. 4–16.) Indeed, Plaintiff's last amendment

---

[2] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

[3] The Court considers Defendant's attached exhibits as part of a factual attack on the Court's jurisdiction for the 12(b)(1) motion and as central to Plaintiff's claim for the 12(b)(6) motion. *See Carmichael*, 572 F.3d at 1279; *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citation omitted).

specifically included allegations of his potential removal—first proposed October 26, 2017 and then on December 12, 2017 date if Plaintiff did not sign the "Last Chance Agreement." (*Id.* at 15.) Given this, "[a]n EEOC investigation of Plaintiff's . . . complaints leading to [his] termination would have reasonably uncovered any evidence of retaliation," so Plaintiff's termination fits within the "like or related to, or grew out of" category to grant jurisdiction over this claim. *Gregory*, 355 F.3d at 1279–80.

The Court dismisses Defendant's argument, based on the unpublished opinion *Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889 (11th Cir. 2014), that the like-or-reasonably related exception applies "only if the unexhausted claim occurs after [the] plaintiff sues in federal court." (Doc. 24, p. 6.) Of course, unpublished opinions are not binding authority,[4] and *Duble*'s narrowing of this "exception" runs contrary to its expressed reluctance "to allow procedural technicalities to bar claims brought under [Title VII]." *Gregory*, 355 F.3d at 1280 (alteration in original) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).[5] So Defendant's argument fails, and Plaintiff's retaliation claim based on his termination may proceed.

### B. Plausibility

That said, the Court need not reach Defendant's fall back argument for dismissal—

---

[4] *Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007).

[5] The Court is not alone in rejecting *Duble*'s limitation. *See, e.g., Baker v. Nucor Steel Birmingham*, No. 2:17-cv-1863-KOB, 2018 WL 2959884, at *3 (N.D. Ala. June 13, 2018); *Smith v. Vestavia Hills Bd. of Educ.*, 218 F. Supp. 3d 1285, 1293 (N.D. Ala. 2016); *Lamar v. Ala. Dep't of Conservation & Nat. Res.*, No. 1:14-cv-571-MHT-PWG, 2016 WL 8814808, at *5–6 (M.D. Ala. July 26, 2016), *report and recommendation adopted as modified sub nom. Lamar v. State of Ala. Dep't of Conservation*, No. 1:14-cv-571-JDW-PWG, 2017 WL 517824 (M.D. Ala. Feb. 8, 2017).

failure to plead an adverse employment action. (Doc. 24, pp. 7–9.) This argument rests on the Court's rejection of Plaintiff's termination as part of his retaliation claim, and Defendant's contention that a "Proposal for Removal" is not adverse for purposes of Title VII. (*Id.*) But because the Court just found that Plaintiff's retaliation claim encompasses his termination—which, as Defendant recognizes, constitutes an adverse employment action (*id.* (citing *Gillis v. Ga. Dep't of Corr.*, 400 F.3d 883, 887 (11th Cir. 2005))—this argument fails. All in all, Plaintiff has stated a plausible retaliation claim to survive Defendant's Motion.

IV. Conclusion

**ORDERED AND ADJUDGED** that Defendant Secretary of the Department of Veteran Affairs' Motion to Dismiss (Doc. 24) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 7, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record